## Caskey's Estate.

Argued April 23, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*H. James Sautter,* with him *Raymond J. Sicer,* for appellant.

*Wm. Clarke Mason,* for appellee.

PER CURIAM, May 25, 1931:

This is an appeal from the confirmation by the orphans' court of the adjudication of the final account of the executors of the estate of Samuel S. Caskey, deceased.

Decedent died April 22, 1929. His will, giving his entire estate to his wife, Grace F. Caskey, was probated June 28, 1929, and letters testamentary issued to Mrs. Caskey (appellant) and the Wilmington Trust Company (appellee), who were named as executors. Decedent's estate consisted principally of an equity in a brokerage account containing DuPont, General Motors and International Nickel stocks. On July 23, 1929, the trust company advised Mrs. Caskey in writing that it was the duty of the executors to close out the brokerage account promptly, even though it showed a loss, and that, recalling her expressed desire to retain the General Motors and DuPont stocks, if she wished to continue the account, the only way in which she could do so would be to take it over personally, as sole legatee. The matter was apparently fully discussed, with the trust officer of her coexecutor and with the company's counsel in Philadelphia, and resulted in an arrangement with the brokers whereby the account was transferred to Mrs. Caskey, who thereupon signed a release to the executors. In October following, when the stock market crash oc-

curred, the brokers sold out the account, which resulted in considerable loss to Mrs. Caskey. An account, signed by both executors, was filed April 28, 1930, in which the executors took credit for the General Motors stock and other stocks included in the brokerage account distributed to Mrs. Caskey. At the audit Mrs. Caskey sought to surcharge the trust company for the difference between the inventory value of the stocks assigned to her as legatee and the amount realized at the time the account was closed out, which the auditing judge and the court in banc refused to allow, and from which ruling Mrs. Caskey appeals.

Appellant contends the trust company should be held responsible for the loss sustained through the brokerage account, inasmuch as, at the beginning of their common duties as executors, the trust officer of the trust company informed her she would not need individual counsel, that the company would attend to all matters connected with the estate; and she further claims that, as a trust company, it owed her such duty because of her years (she being sixty-four years of age), and lack of business experience.

Under the circumstances disclosed in the record, the trust company accountant cannot be surcharged on the grounds alleged. The evidence indicates that Mrs. Caskey was entirely capable of understanding her position and liability in taking over the marginal brokerage account and that she desired to do so because her husband had expressed confidence in the future of two of the stocks in particular. Between the time when the account was transferred to her and the time it was sold out, a considerable profit might have been realized if Mrs. Caskey had wished to sell. Like many others, she held on with unfortunate results. The trust company's undertaking to relieve Mrs. Caskey by attending to all matters in connection with settling the estate cannot be held to include caring for her personal business, since there is no evidence showing that it was asked to do

so or even to advise her in this respect. Appellant's claim that she was induced to take over the brokerage account by a misstatement of fact made by the trust officer is not supported by a reading of all the evidence; and we cannot see that the unusual delay in probating the will affects the question here before us.

The decree is affirmed at cost of appellant.